Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY ROWAN, | CASE NO. |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| BOYD GAMING CORPORATION, a Nevada Corporation, | 2. VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT |
| Defendant. | JURY DEMAND |

Plaintiff TIMOTHY ROWAN ("Plaintiff" or "Rowan") alleges as follows:

1.  This action is brought pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (hereinafter "ADA") and the Family and Medical Leave Act of 1993, *29 U.S.C. § 2601, et seq.* (hereinafter "FMLA").  Jurisdiction is predicated under these code section as well as 28 U.S.C. § 1331 as this action involves a federal question.

2.  At all relevant times, Defendant BOYD GAMING CORPORATION, a Nevada Corporation (hereinafter "Boyd" or "Defendant") employed 50 or more employees for each

1

working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and is therefore subject to the provisions of the ADA and FMLA.

3. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

**PARTIES**

4. Plaintiff, Rowan, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Boyd. Defendant is an employer within the meaning of *42 USC §2000e(b).*

**EXHAUSTION OF REMEDIES**

6. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on March 26, 2014, a copy of which is attached to Complaint as Exhibit "A".

**FIRST CAUSE OF ACTION**

**(For Disability Discrimination and Failure**

**to Accommodate under the ADA)**

7. Plaintiff Rowan incorporates the allegation set forth in paragraphs 1 through 6, inclusive, as if fully set forth herein.

8. Plaintiff was employed by Defendant as Director of Casino Training from November 1, 2004 until his discharge on April 16, 2013.

9. In or around April of 2012 Rowan was diagnosed with a medical condition, vasovagal nerve disorder. This nerve disorder leads to vasovagal episodes, vasovagal responses, vasovagal attacks and sometimes leads to vasovagal syncope which results in fainting.

10. The symptoms of vasovagal nerve disorder besides vasovagal syncope (fainting), include lightheadedness, disorientation, confusion, dizziness, nausea and sleeplessness.

11. Vasovagal nerve disorder leading to vasovagal syncope is caused by malfunction in the parts of the nervous system that regulate heart rate and blood pressure and when this occurs, heart rate slows, blood pressure drops, and the resulting lack of blood to the brain causes fainting and confusion.  This is triggered by among other things, stress, stress directly related to trauma, sudden onset of extreme emotions, hunger and lack of sleep.

12. Plaintiff has been in and out of the hospital since April of 2012 because of this disorder.

13. On or about April 8, 2013 Plaintiff was forced to take FMLA for this condition and missed work because of his disorder starting on or about April 8, 2013.  Rowan experienced episodes of lightheadedness, disorientation, dizziness and unconsciousness during the time he was on FMLA.

14. On or about April 11, 2013, Plaintiff was summoned to a mandatory meeting with his supervisor Chuck Estell who was the Director of Casino Operations for Boyd.  At the meeting Rowan was told he was being placed on suspension pending investigation for failure to report to work in a timely manner.

15. Rowan was unable to report to work in a timely manner because he was incapacitated due to his condition.

16. On or about April 16, 2013, Plaintiff was summoned to another mandatory meeting with Mr. Estell and was told by Mr. Estell that he was being terminated effective immediately for violating company policy for failing to report to work in a timely manner.

17. Boyd was aware of Rowan's condition from about when he was diagnosed with the disorder, back in April of 2012.

18. Prior to his discharge, Plaintiff had always received performance reviews of proficient or better, the last of which he received on or about February 19, 2013.

19. Plaintiff continues to have vasovagal nerve disorder of which he continues to have vasovagal episodes, vasovagal responses and vasovagal attacks for which he is currently under a doctor's care.  This condition is permanent and qualifies as a disability under the ADA as amended

by ADA Amendments Act of 2008, as Rowan's condition is a physical or mental impairment which substantially limits him in a major life activity.

20.  By failing to accommodate Rowan's disability and terminating him for failing to report to work in a timely manner as a result of the disability, Boyd was in violation of the ADA.

21.  As a direct, foreseeable, and legal result of the Defendant's failure to accommodate Plaintiff's disability and thereafter terminating him because of his disability, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

22.  As a further direct, foreseeable, and legal result of the Defendant's failure to accommodate Plaintiff's disability and termination because of his disability, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of this Court, also to be proven at the time of trial.

23.  In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

24.  Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

25.  Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION
### (For Violation of the FMLA)

26.  Plaintiff Rowan incorporates the allegation set forth in paragraphs 1 through 25, inclusive, as if fully set forth herein.

27.     At all relevant times Plaintiff was an "eligible employee" as that term is defined by *29 U.S.C. § 2611(2),* entitled to 12 work weeks of leave under *29 U.S.C. § 2612(a)(1).*

28.     At all relevant times the Defendant was an "employer" as that term is defined by *29 U.S.C. § 2611(4),* as it was engaged in "commerce" and an "industry or activity affecting commerce" within the meaning of *29 U.S.C. § 2611(1).*

29.     At all relevant times Plaintiff's medical condition (ie. vasovagal nerve disorder resulting in vasovagal episodes, vasovagal responses or vasovagal attacks and sometimes resulting in vasovagal syncope) constituted a "serious medical condition" as defined *29 U.S.C. § 2611(11).*

30.     Plaintiff provided Defendant with all necessary information regarding his need for leave, and otherwise performed all duties necessary to take advantage of the rights conferred by the FMLA.

31.     Boyd unlawfully interfered with Plaintiff exercising his rights under FMLA by terminating Rowan while he was on FMLA.

32.     Further, Defendant's decision to discharge Plaintiff was in retaliation for Plaintiff exercising his rights under the FMLA.

33.     As a direct and proximate result of Defendant interfering with Plaintiff exercising his rights under the FMLA and discharging Plaintiff for exercising those rights, Rowan has suffered loss of income, including but not limited to past and future wages, benefits, expenses, insurance, loss of back pay, front pay, other consequential damages, pain and suffering and other damages to be proven at trial.

34.     Defendant's actions were with deliberate indifference to such rights or were willful, entitling Plaintiff to an award of liquidated damages equal to double the amount of his actual damages.

35.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

36.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to

proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rowan demands judgment against Defendant, as follows:

1. Declaring that the acts and practices complained of here are a violation of ADA and FMLA;

2. Enjoining and permanently restraining the violations by Defendant of the ADA and FMLA;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For liquidated damages under the FMLA as an additional amount equal to the sum of actual damages and interest;

5. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

6. For punitive damages;

7. For attorney's fees and costs in an amount determined by the court to be reasonable;

8. For pre-judgment interest on all damages; and

9. For any other and further relief that the Court considers proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED:  6/23/2014            LAW OFFICES OF MICHAEL P. BALABAN

BY:      /s/ Michael P. Balaban
   Michael P. Balaban
   LAW OFFICES OF MICHAEL P. BALABAN
   10726 Del Rudini Street
   Las Vegas, NV  89141

# EXHIBIT A

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Timothy Rowan  
7617 Lani Dawn Street  
Las Vegas, NV 89149

From: Los Angeles District Office  
255 E. Temple St. 4th Floor  
Los Angeles, CA 90012

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2014-00266 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Santos B. Alarrán*

Rosa M. Viramontes,  
Acting District Director

March 26, 2014  
(Date Mailed)

Enclosures(s)

cc: Ms. Sherree Cunningham  
Director of HR  
BOYD GAMING  
3883 Howard Hughes Parkway  
9th Floor  
Las Vegas, NV 89189